## BUDDIE REEVES V. THE STATE.

No. 20015.   Delivered December 21, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Shead & Aycock,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00.

Appellant was found in possession of six pints of whisky. Prior to making the search the officers had observed appellant and a girl leave a dance hall and go to appellant's car. As appellant opened the door the officers observed a case or container in the back of the car. Upon making a search they discovered six pints of whisky. Appellant admitted his possession of the whisky but denied that he possessed it for the purpose of sale. According to his version, he bought the whisky for a licensed operator of a liquor package store in Kilgore. When he was crossing Harrison County, which is a dry area, he stopped his car at a dance hall. While there the officers searched his car and discovered the whisky.

We deem the evidence sufficient to support the judgment of conviction.

Appellant's bills of exception relating to the testimony given by the officers touching the result of the search are without merit. If it should be conceded that the search was illegal, it is observed that appellant testified that he had the whisky in his possession.

Bill of exception No. 2 relates to the failure of the court to define the term "prima facie evidence." In qualifying the bill of exception the court states that appellant submitted no requested instruction on the subject. Moreover, it appears that there was no objection to the charge of the court for its failure to define such term.

Bill of exception No. 4 relates to the argument of the county attorney. As qualified, the bill shows that the argument was warranted by the evidence.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The appellant offers but one complaint in his motion, and that is a contention that there is a confusion of penalties in the statute denouncing the offense for which the appellant was convicted, his contention being that Art. 666-41 Penal Code, Vernon's Statutes, 1938 Supplement, applies to this offense a penalty of a fine of $100.00 to $1,000, or by imprisonment in the county jail for not more than one year, and that for the same offense Art. 667-26 of said Code provides a penalty of a fine of not less than $25.00 nor more than $500.00, or by imprisonment in the county jail for not more than one year, or both such fine and imprisonment.

The complaint and information allege that appellant possessed whisky for the purpose of sale in Harrison County, a dry area. This possession was denounced in Art. 1 of the liquor enactment, and the punitive clause, Art. 666-41, provides for the punishment of any person violating any provision of Art. 1, for which a specific penalty was not provided, the minimum fine of $100.00, as charged by the trial judge in this cause. Art. 667-25 is found in Art. II of such liquor law, and deals with the transportation of beer, and allows its transportation over and through a dry area, provided it be properly stamped and accompanied by certain written statements showing name and address of both consignor and consignee, origin and destination of such shipment, and any other information required by the Liquor Board or administrator. Art. 667-26 provides that any person who violates any provision of this *article* shall be punished by a minimum fine of $25.00, etc.

It is our judgment that the greater penalty of Art. 666-41 is applicable in this case; that the lesser penalty of a minimum fine of $25.00, Art. 667-26, supra, does not apply to the offense of possession of whisky for the purpose of sale in a dry area.

The motion is therefore overruled.